jurisdiction, and he has therefore appeared generally in the action. Should defendant be so advised, he may, within 30 days from the entry and service of the order herein, move at Special Term, to reconsider the temporary alimony fixed herein, prospectively from the date of the making of the motion on any ground which he might have interposed to the original motion. Settle order. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.

■ KATHERINE HISTON et al., Respondents, v. HEARN DEPARTMENT STORES, INC., Appellant. (Action No. 1.) HELEN ABRAMS et al., Respondents, v. HEARN DEPARTMENT STORES, INC., Appellant. (Action No. 2.) — Defendant appeals from an order entered in this consolidated action granting plaintiffs' motion for discovery and inspection of certain books, documents and writings of defendant, pursuant to section 324 of the Civil Practice Act. This action by over 400 former employees of the defendant is for vacation and severance pay. The complaint in Action No. 2, alleges that a collective bargaining agreement was entered January 21, 1949, between defendant and plaintiffs' bargaining representative, Department Store Employees Union Local 1250, now known as Local 1250, District 65, Retail, Wholesale Department Store Union CIO. Plaintiffs assert that the agreement contained provisions for vacation and severance pay, and that while negotiations were going on in the early months of 1953, defendant promised and agreed " with the plaintiffs that it would continue the terms and conditions of employment theretofore existing under said contract of January 21, 1949, with respect to vacation and severance pay ". Essentially the same allegations appear in both complaints. The employment of all plaintiffs is alleged to have terminated on or about June 4, 1953. Plaintiffs have the burden of proof as to certain items, and it is reasonable to conclude that length of service and rates of pay may be material. Obviously booklets, or writings having to do with the terms of employment of defendant's employees subsequent to the termination of plaintiffs' employment, or those not parties here have nothing to do with plaintiffs' burden of proof. Accordingly, item (a) of the second ordered paragraph is modified to read as follows: " The written agreement of January 21, 1949, and all amendments, modifications or renewals thereof, prior to the date of termination of employment of these plaintiffs or any written agreements under which these plaintiffs were employed prior to such date of termination ". Item (c) of the second ordered paragraph is stricken, and all of item (b) following the words " vacation pay accrued " is eliminated. The order appealed from is modified as indicated above on the law and in the exercise of discretion, and as so modified is otherwise affirmed, with costs to appellant. Settle order on notice. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD DAVIDSON, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.

■ REYNOLDS METALS COMPANY, Respondent, v. I. JONAS SPECINER, as Trustee in Bankruptcy of A. B. C. STEEL EQUIPMENT Co., INC., Appellant.— The court should not, in the exercise of discretion, entertain an action for a declaratory judgment where the matter sought to be adjudicated is the subject of another action pending, which when tried, will dispose of all the issues involved in the declaratory judgment action (Storer v. Ripley, 283 App. Div. 973). In the case before us, not only is such an action pending in the Federal court, but another one, based on the main complaint, is pending in this court. There is accordingly no necessity for the declaratory judgment action and the supplemental complaint seeking that form of relief should be dismissed. The order appealed from is modified on the law and in the court's discretion